23-7719
Cajamarca-Morocho v. Blanche

BIA
Prieto, IJ
A220 373 982/983/985/986

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand twenty-six.

PRESENT:
 RAYMOND J. LOHIER, JR.,
  *Chief Judge,*
 DENNIS JACOBS,
 STEVEN J. MENASHI,
  *Circuit Judges.*
_____

EDGAR GUSTAVO CAJAMARCA-MOROCHO, LUZ ERMELINDA TORRES-PILLCO, B.D.C.-T., A.J.C.-T.,
  *Petitioners,*

 v.                                              **23-7719**
                                                 **NAC**

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,
  *Respondent.*
_____

**FOR PETITIONERS:** Nicholas J. Mundy, Esq., Brooklyn, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Kathryn McKinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Edgar Gustavo Cajamarca-Morocho, Luz Ermelinda Torres-Pillco, and their minor children, natives and citizens of Ecuador, seek review of an October 17, 2023, decision of the BIA affirming a July 1, 2022, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Cajamarca-Morocho, et al.*, No. A 220 373 982/983/985/986 (B.I.A. Oct. 17, 2023), *aff'g* No. A 220 373 982/983/985/986 (Immig. Ct. N.Y. City July 1, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the

---

[1] This order refers to Cajamarca-Morocho because the applications of his partner and children largely rely on the same facts.

2

BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review *de novo* questions of law and the application of law to fact" and "[w]e review the agency's factual findings . . . under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**I.    Asylum & Withholding**

An applicant for asylum and withholding of removal has the burden to establish past persecution or, alternatively, a well-founded fear or likelihood of future persecution, and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). Cajamarca-Morocho failed to exhaust a claim of a well-founded fear of future persecution. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (holding that exhaustion is mandatory when the Government raises it); *Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely

3

matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it." (quotation marks omitted)).  Moreover, the BIA found the issue waived, and thus "this Court's review is limited to whether the BIA erred in deeming the argument waived," *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015).  Cajamarca-Morocho has abandoned review of the BIA's waiver finding with respect to future persecution because he does not challenge it here.  *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

Thus, the claim for asylum and withholding of removal depends on whether the prior discrimination and economic disadvantage constitute persecution. "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted).  Economic sanctions may qualify as persecution where they cause "severe economic disadvantage." *In re T-Z-*, 24 I. & N. Dec. 163, 173 (B.I.A. 2007) (quotation marks omitted).  However, "[p]ersecution requires a showing of more than mere economic discrimination . . . .  The economic

4

difficulties must be above and beyond those generally shared by others in the country of origin and involve noticeably more than mere loss of social advantages or physical comforts." *Id.* (quotation marks and citation omitted). For example, "[g]overnment sanctions that reduce an applicant to an impoverished existence . . . [such as] a particularly onerous fine, a large-scale confiscation of property, or a sweeping limitation of opportunities to continue to work in an established profession . . . may amount to persecution even though the applicant could otherwise survive." *Id.* at 174; *see Huo Qiang Chen v. Holder*, 773 F.3d 396, 404–07 (2d Cir. 2014); *Guan Shan Liao v. U.S. Dep't of Just.*, 293 F.3d 61, 70 (2d Cir. 2002) ("[A]n asylum applicant must offer some proof that he suffered a deliberate imposition of substantial economic disadvantage." (quotation marks omitted)). As with other forms of persecution, the "harm or suffering had to be inflicted either by the government of a country or persons or an organization that the government was unable or unwilling to control." *Matter of Acosta*, 19 I. & N. 211, 222 (B.I.A. 1985). "Under the unwilling-or-unable standard, 'a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims.'" *Singh v. Garland*,

11 F.4th 106, 114–15 (2d Cir. 2021) (quoting *Galina v. INS*, 213 F.3d 955, 958 (7th Cir. 2000)).

Cajamarca-Morocho argues that the agency's finding that he did not establish past persecution erroneously relied solely on the fact that he and his partner were not physically abused. But neither the IJ nor the BIA relied solely on the absence of physical violence. Moreover, the record does not establish that the discrimination and economic challenges Cajamarca-Morocho faced constituted persecution. First, cases considering economic deprivation as persecution contemplate a sanction or policy that adversely affects the applicant, usually one imposed directly by a government. *In re T-Z-*, 24 I. & N. Dec. at 174 (providing examples); *see, e.g.*, *Guan Shan Liao*, 293 F.3d at 70 (holding that a fine imposed by China for a birth control violation was not unduly heavy and thus not persecution); *Huo Qiang Chen*, 773 F.3d at 406 (addressing fear based on onerous fine for violation of China's family planning policy). Here, there was no specific sanction or policy imposed upon Cajamarca-Morocho; there was only a general animus against him in the city where he tried to find work. *In re T-Z-*, 24 I. & N. Dec. at 174. Such employment discrimination generally does not rise to the level of persecution. *Id.*; *see also Mei Fun Wong*, 633 F.3d at 72.

Additionally, Cajamarca-Morocho acknowledged that poverty is widespread in Ecuador, and that he struggled to make ends meet his entire life because there were few opportunities in the country even prior to the pandemic -- which was the reason he needed to search for jobs outside his rural town to survive. He did not present evidence to show how much worse his situation became when he could not find work in the city because of employment discrimination. *See Huo Qiang Chen*, 773 F.3d at 405. And though the statements of potential employers indicate that prejudice was the primary reason he was not selected for work, it is not clear that there were enough jobs to go around. *Id.* Cajamarca-Morocho stated that many from his town went to the city to seek jobs, but he did not explain whether there were jobs available to accommodate them or how many people found work there or elsewhere. *Id.* He therefore failed to meet his burden to show that his economic disadvantage was the result of the deliberate imposition of an economic sanction, rather than other causes. *See In re T-Z-*, 24 I. & N. Dec. at 173; *see also Guan Shan Liao*, 293 F.3d at 70. He also argues that the IJ failed to provide sufficient analysis. But the IJ identified the relevant legal standards, considered his poverty and the alleged discrimination, and cited alternate factors—the general economic conditions in Ecuador and the

7

pandemic—in determining that the harm did not rise to the level of persecution.

**II.    CAT Relief**

Cajamarca-Morocho fails to sufficiently challenge the agency's denial of CAT relief.   The opening brief includes CAT in its argument headings and in conclusory statements but makes no argument regarding the likelihood of torture or government acquiescence.   Thus, the CAT claim is abandoned.   *See Debique*, 58 F.4th at 684; *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming claim abandoned where brief "devote[d] only a single conclusory sentence to" it).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court